GRIMES, Chief Judge.
This is an appeal from a judgment denying the claims of plaintiff/appellant (Ralo) for declaratory judgment and permanent injunction and ordering Ralo’s eviction from leased premises pursuant to the counterclaim of defendant/appellee (Marine).
Certain bayside and submerged lands were deeded by the Trustees of the Internal Improvement Fund to the City of Sarasota. The deeds recited that the lands “shall be used solely for municipal purposes.” The city leased the premises to Marina Mar, Inc. pursuant to a lease agreement which provided “the demised premises shall be used for municipal park and recreational purposes only.” The lease, as later amended, further stated:
(a) The Tenant shall use so much of the demised premises as more particularly designated in the attached Schedule “B” hereof for the primary purposes of constructing thereon and thereafter maintaining thereon and operating therefrom docking and marina facilities for use of boats and other watercraft, and in that connection the Tenant will offer to lease to the general public the right to the use of docks and slips by such boats and watercraft.
The lease was assigned to Marine in 1968. Pursuant to the lease Marine operates a marina and ancillary facilities on the demised premises.
Ralo has been operating sight-seeing tours from a dock and slip in the marina since 1970. Ralo pays Marine a-monthly fee for the use of the dock and slip. There is no written sublease between the parties. On October 4, 1977, Marine served Ralo with a notice to vacate the dock and slip within thirty days. No reason was given by Marine for its notice to vacate.
Ralo brought suit seeking to enjoin Marine from interfering with Ralo’s peaceful possession of the dock and slip. Marine counterclaimed for eviction. It was stipulated that Marine was planning in the near future to place in operation at the demised premises a boat featuring dinner cruises, and that the notice to vacate was not based upon cause.
The court concluded that the relationship between the parties was that of tenant and subtenant and that the law of landlord and tenant was applicable to the case. The court held that Ralo’s tenancy was a tenancy at will and that since Marine had given the proper notice to vacate, Ralo was directed to vacate the premises.
If this were the ordinary landlord-tenant (or tenant-subtenant) relationship, the result reached below would be correct. A landlord is entitled to terminate a tenancy at will upon proper notice without having to justify his action through the showing of appropriate cause. However, in this case Marine was not in the position of an ordinary landlord, because its use of the property was conditioned by the provisions of the deed to the city and the city’s lease.
Marine’s arbitrary refusal to lease to Ralo was in direct contravention of Marine’s obligation to offer to lease docks and slips for boats to the general public. There was no suggestion that Ralo was not part of the general public. Therefore, it was incumbent upon Marine to offer the facilities to Ralo upon the same terms and conditions that it would offer comparable facilities to other parties for the same purposes. In the absence of a showing that Ralo was in default of the rent or in violation of reasonable rules for the use of the premises or of any other compelling reason, Marine did not have a right to bring about Ralo’s eviction. We deem the fact that the city may have entered into the lease in its proprietary capacity to be irrelevant because of the peculiar wording of the underlying documents.
REVERSED.
HOBSON and OTT, JJ., concur.